2089004RP8                 LLB/ec

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIAN ROSEN,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO FINANCIAL NATIONAL BANK,<br><br>    Defendant. | No. 08 CV 2744<br><br>Rebecca R. Pallmeyer |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes Defendant, Wells Fargo Financial National Bank, by and through its attorneys, Cray Huber Horstman Heil & VanAusdal L.L.C. and sets forth the following answer to plaintiff's complaint as follows:

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended.*

    **ANSWER:** Paragraph 1 is not a statement of fact to which a response is required.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

    **ANSWER:** Paragraph 2 is not a statement of fact to which a response is required.

### III. Parties

3. Plaintiff, Brian Rosen, is an adult individual and citizen of the State of Illinois.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegation contained in paragraph 3 and therefore denies the same.

4. Defendant, Wells Fargo Financial National Bank, is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business is located in the State of Nevada.

**ANSWER:** This defendant admits that Wells Fargo Financial National Bank is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business is located in the State of Nevada. This defendant denies the remainder of the allegations contained in paragraph 4.

5. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendant is aware that the credit reporting agencies to whom it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

**ANSWER:** This defendant denies the allegations contained in paragraph 5.

6. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiffs history of credit with the Defendant. Specifically, the Plaintiff asserts that he was the victim of identity theft and the account was fraudulently opened in his name using his personal information. Despite providing Defendant with notice to the contrary, and Defendant providing Plaintiff with a written statement agreeing the that account was fraudulently opened. Defendant continues to disseminate information to the credit reporting agencies that the account is accurately reported as belonging to Plaintiff.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth of false of plaintiff's allegation that inaccurate information was reflected in plaintiff's history of credit with Wells Fargo. This defendant admits that Brian Rosen asserts that he was a victim of

identity theft and that the account with Wells Fargo for purchases made at Back to Bed was fraudulently opened in his name using his personal information. This defendant admits it provided Brian Rosen with a written statement indicating the account was fraudulently opened. This defendant denies the remainder of the allegation contained in paragraph 6.

7. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:** This defendant denies the allegations contained in paragraph 7.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:** This defendant lacks sufficient information to form a belief as the truth or falsity of the allegations contained in paragraph 8 and therefore denies the same.

9. In January of 2008, Plaintiff disputed the inaccurate information with Trans Union, LLC by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegations contained in paragraph 9 and therefore denies the same.

10. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegations contained in paragraph 10 and therefore denies the same.

11. Defendant then and there owed to Plaintiff a duty to assist the credit

reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

**ANSWER:**   This defendant denies the allegation contained in paragraph 11.

12.   Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

**ANSWER:**   This defendant denies the allegation contained in paragraph 12.

13.   Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

**ANSWER:**   This defendant denies the allegations contained in paragraph 13.

14.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.   Loss of a long established line of credit;

    b.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c.   Emotional distress and mental anguish associated with the loss of a line of credit which was previously utilized by Plaintiff;

    d.   Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:**   This defendant denies the allegations contained in paragraph 14 and

specifically denies the allegations contained in subparagraph A through D.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegation contained in paragraph 15 and therefore denies the same.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegation contained in paragraph 16.

## IV Allegations

### COUNT ONE

### VIOLATIONS OF FCRA v. WELLS FARGO FINANCIAL NATIONAL BANK

17. Plaintiff re-alleges and incorporates paragraphs 1 – 16 as fully set forth herein.

**ANSWER:** Defendant repeats and restates its answers and responses to paragraphs 1 through 16 as and for its answer in response to paragraph 17 as if fully set forth herein.

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 168 1 a(c).

**ANSWER:** This defendant admits the allegations contained in paragraph 18.

19. At all times pertinent hereto, the above-mentioned credit reports were .consumer reports" as that term is defined by 15 U.S.C. § 1681 a(d).

**ANSWER:** This defendant admits the allegations contained in paragraph 19.

20. At all times pertinent hereto, this Defendant was a "person" as that term

defined by 15 U.S.C. § 1681 a(b).

**ANSWER:** This defendant lacks sufficient information to form a belief as to the truth or false of the allegations contained in paragraph 20.

21. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681 s-2.

**ANSWER:** This defendant denies the allegations contained in paragraph 21 and specifically denies the allegations contained in subparagraph A through F.

22. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are

outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**ANSWER:**   This defendant denies the allegations contained in paragraph 22.

### V. Jury Trial Demand

32.[sic]   Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**   This defendant makes no response to the allegation contained in paragraph 32.

### VI. Prayer for Relief

WHEREFORE, for the aforesaid reasons, defendant Wells Fargo Financial National Bank denies that plaintiff, BRIAN ROSEN, has suffered any damages or is entitled to any sum whatsoever and asks that plaintiff's cause and complaint herein be dismissed and that judgment be entered in its favor and against plaintiff on the remaining pleading.

Respectfully submitted,

By:   s/LaDonna L. Boeckman
LaDonna L. Boeckman
CRAY HUBER HORSTMAN
HEIL & VanAUSDAL LLC

LaDonna L. Boeckman (ARDC #6273463)
CRAY HUBER HORSTMAN HEIL &
VanAUSDAL LLC
303 W. Madison St., Suite 2200
Chicago, Illinois 60606
Telephone:   (312) 332-8450
Facsimile:   (312) 332-8451
Email:   LLB@crayhuber.com
Attorneys for Wells Fargo Financial National Bank